**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

GREGORY A. WHITE,                                                                 CASE NO. 07-03870-NPO

DEBTOR.                                                                                         CHAPTER 13

**MEMORANDUM OPINION AND ORDER
STRIKING DEFICIENCY NOTICE
AND DISMISSING ORDER TO SHOW CAUSE**

There came before the Court for hearing (the "Hearing") the Order to Show Cause (Dk. No. 18) why sanctions or other relief should not be imposed for the failure of J. Thomas Ash ("Ash") to comply with the corrected deficiency notice (the "Deficiency Notice") (Dk. No. 16) issued by the Clerk of the Bankruptcy Court (the "Clerk").  At the Hearing, Ash appeared on his own behalf, and Harold J. Barkley, Jr., the chapter 13 trustee (the "Trustee"), appeared on his own behalf.  The Court, having considered the pleadings and the arguments presented at the Hearing, concludes for the following reasons that the Deficiency Notice should be stricken and that the Order to Show Cause should be dismissed.[1]

**Jurisdiction**

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Notice of the Hearing was proper under the circumstances.

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**Facts**

1. On December 3, 2007, the Debtor filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code (Dk. No. 1).[2]

2. The Debtor did not list a domestic support obligation ("DSO") recipient as a creditor either on his original chapter 13 plan (Dk. No. 2) or in his bankruptcy schedules (Dk. No. 4).

3. The Debtor did disclose a monthly DSO expense in the amount of $650 on Schedule J (Dk. No. 4).

4. The Debtor subsequently filed an amended chapter 13 plan which reflected a DSO recipient's name and address (Dk. No. 14).

5. Upon receipt of the amended chapter 13 plan, the Clerk issued the Deficiency Notice, instructing Ash to file appropriate amended schedules relating to the amended chapter 13 plan and to notice an added creditor as instructed in the Deficiency Notice.

6. Upon being advised by Ash that he would not comply with the Deficiency Notice, the Court issued the Order to Show Cause why sanctions or other relief should not be imposed for his failure to file appropriate amended schedules relating to the amended chapter 13 plan and to notice the added creditor as instructed in the Deficiency Notice.[3]

---

[2] Hereinafter all code sections refer to the United States Bankruptcy Code located at Title 11 of the United States Code unless otherwise noted.

[3] Additionally, the Trustee filed a Motion to Dismiss Case (Dk. No. 17) alleging that the Debtor's chapter 13 plan failed to provide for payment for a DSO. However, an Order Withdrawing the Motion to Dismiss Case (Dk. No. 23) subsequently was entered.

**Discussion**

**1.  Definition of DSO**

The term "domestic support obligation" was added to §101 of the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  The term is defined in §101 (14A) as:

> [A] debt that accrues before, on or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is - -
>
> (A) owed to or recoverable by -
>
> > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; . . .
>
> (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of - -
>
> > (i) a separation agreement, divorce decree, or property settlement agreement;
> >
> > (ii) an order of a court of record; . . . .

11 U.S.C. § 101(14A).

**2.  Matured, Prepetition DSO**

If, at the time of the bankruptcy filing, a debtor owes a matured DSO, the DSO recipient may assert a claim for the DSO amount which was due prepetition.  That is, "[t]o the extent . . . that a claim is for matured [DSO] payments unpaid at the time of the filing of the petition, the claim would be proper and would, therefore, be allowed to share in a distribution of the debtor's assets.  Indeed,

such a claim would be entitled to priority . . . ." 4 Collier on Bankruptcy, ¶ 502.03[6][a] (Matthew Bender 2005).

Such matured DSO claims are elevated to first priority payment in accordance with § 507(a)(1)(A), which provides in relevant part:

(a) The following expenses and claims have priority in the following order:

(1) First:

(A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, . . . .

11 U.S.C. § 507(a)(1)(A). Thus, an allowed unsecured DSO claim is entitled to first priority payment through the chapter 13 plan. In that situation, a DSO recipient is entitled to payment through the chapter 13 plan,[4] and should be listed as a creditor in the debtor's bankruptcy schedules.

### 3. Unmatured, Postpetition DSO

If a debtor does not owe a matured, prepetition DSO but will owe unmatured, postpetition DSOs, a different situation arises. Generally, § 101(5) states that the term "claim" means -

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; . . . .

---

[4] "To the extent that the amounts unpaid at the time of the filing of the petition are not satisfied in full from the debtor's assets, the nondischargeability feature of such debt presupposes that after the debtor's discharge the spouse may proceed against after-acquired assets and exempt assets." 4 Collier on Bankruptcy, ¶ 502.03[6][a] (Matthew Bender 2005); *see also* § 362(b)(2)(B) (which permits the collection of a domestic support obligation from property that is not property of the estate, permitting the nondebtor spouse who holds a nondischargeable claim, to collect the claim from property of the debtor without obtaining stay relief and without waiting for the granting of a discharge or the closing of the case).

11 U.S.C. § 101(5). However, § 502(b) specifically mandates the disallowance of a claim to the extent "such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title." 11 U.S.C. 502(b)(5). Thus, the "reach of section 502(b)(5) is to disallow any claim for a debt which is unmatured at the time of the filing of the petition, e.g. future alimony payments, but which is excepted from discharge under section 523(a)(5)." 4 Collier on Bankruptcy, ¶ 502.03[6][a] (Matthew Bender 2005). A claim for a DSO is excepted from discharge under §§ 523(a)(5)[5] and 1328(a).[6] Accordingly, § 502(b)(5) prohibits the inclusion in a chapter 13 plan of a provision for payment of a claim for postpetition DSOs.

Nevertheless, "a chapter 13 debtor is required to maintain postpetition domestic support obligations on a current basis out of postpetition earnings or income, and such obligations should be reflected in the debtor's schedule of expenses." 8 Collier on Bankruptcy, ¶ 1300.71[3][e]

---

[5] Section 523 provides, in relevant part:

(a) A discharge under section . . . 1328(b) of this title does not discharge an individual debtor from any debt - -
   . . . .
     (5) for a domestic support obligation.

[6] Section 1328 provides, in relevant part:

(a) [A]s soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt - -

   (2) of the kind specified in . . . paragraph . . . (5) . . . of section 523(a); . . . .

(Matthew Bender 2005); *see generally* § 1307(c)(11)[7], § 1325(a)(8),[8] § 1328(a),[9] and Official Form 6, Schedule J.

In the case at bar, Ash represented to the Court at the Hearing that the Debtor does not owe a prepetition, matured DSO. Accordingly, the DSO recipient need not be listed in the Debtor's bankruptcy schedules. To that end, Ash will not be required to amend the Debtor's schedules to include the DSO recipient.

However, in that the Debtor will be responsible for DSOs as they mature postpetition, he is required to disclose on Schedule J the monthly amount of the DSO, and to list the DSO recipient's name and address on the chapter 13 plan so that the Trustee may make certain required disclosures to the recipient. *See* §1302(b)(6) and (d).[10] Both of those requirements have been satisfied.

---

[7] Section 1307(c)(11) provides that the court may convert a chapter 13 case to a chapter 7 case or dismiss a chapter 13 case for cause, including "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition."

[8] Section 1325 provides, in relevant part:

(a) Except as provided in subsection (b), the court shall confirm a plan if - -

> (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; . . . .

[9] *See* note 6, *infra*.

[10] The Trustee stated at the Hearing that his general practice is to have the Debtor disclose the DSO recipient's name and address on the chapter 13 plan so that the Trustee may utilize that information to make required disclosures.

Based on the foregoing, the Court concludes that the Deficiency Notice should be and hereby is stricken. The Court further concludes that the Order to Show Cause should be and hereby is dismissed.

A separate final judgment will be entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

SO ORDERED,